IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL ABIGAIL REESE,<br>Plaintiff, | §<br>§ | |
| | § | |
| v. | § | No. 3:24-CV-2496-N-BW |
| | § | |
| DALLAS COUNTY MARSHALLS<br>Defendant. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Court entered judgment on July 27, 2026 dismissing this action without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Dkt. No. 44.) Now before the Court are two motions Plaintiff Angel Abigail Reese, appearing pro se in this action, filed on September 15, 2026: a Motion to Reopen Case and Request Relief from Judgment (Dkt. No. 45) and a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Motion to Reopen Case (Dkt. No. 46). Defendant filed a response to the motions on September 24 (Dkt. No. 47), and Plaintiff filed a reply later that same day (Dkt. No. 48).

For the reasons that follow, the undersigned magistrate judge recommends that the District Judge deny the motions.

## I. BACKGROUND

Reese filed this action against "Dallas County Marshalls" alleging employment discrimination. (*See* Dkt. No. 3 ("Orig. Compl.").) She alleged that she was "bullied at [her] job for being fat." (*See id.*) She responded to a magistrate

judge's questionnaire (Dkt. No. 7) and twice amended her complaint (Dkt. Nos. 18, 22). Under a liberal construction of her pleadings, the undersigned recommended that Reese's claims be dismissed without prejudice because her allegations did not implicate discrimination made unlawful under federal law. (*See* Dkt. No. 42 ("FCR").) In response to a question requiring Reese to specify the protected characteristic—e.g., race, sex, color, religion, etc.—that she was claiming was the reason for the adverse employment action, Reese responded by saying it was none of the characteristics listed and that she would instead "say fat shaming" and "[t]oxic environment." (*Id.* at 8.) As the undersigned noted, "Reese's answer effectively negates federal jurisdiction." (*Id.*) And her first and second amended complaints fared no better—she generally alleged bullying, wrongful termination, or being wrongfully accused of workplace dissention, but she did not allege discrimination made unlawful under federal law. The undersigned therefore recommended that Reese's claims be dismissed without prejudice for lack of subject matter jurisdiction. (*See id.* at 11-15.) Reese filed no objections to the FCR, and Senior United States District Judge David C. Godbey accepted it and entered judgment dismissing Reese's claims without prejudice. (Dkt. No. 43, 44.)

Reese now moves pursuant to Fed. R. Civ. P. 60(b)(1) to reopen the case, withdraw the judgment, and allow her case to proceed. She asserts that, as a pro se party, she mistakenly focused her allegations on "fat-shaming" and bullying without explaining how her claims were actually based on "perceived disability discrimination and unlawful retaliation." (Dkt. No. 46 at 2.) This oversight, she

asserts, is a matter of lacking the "technical legal vocabulary" to articulate her claim in a way that would survive dismissal. (*Id.*) She asserts that her attached amended complaint asserting claims under the Americans with Disabilities Act accompanied by a Title VII retaliation claim should be considered. (*Id.*) But she has not attached an amended complaint.

## II. LEGAL STANDARD AND ANALYSIS

Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). The burden of establishing Rule 60(b) requirements are met is on the moving party, and a determination of whether that burden has been met rests within the considerable discretion of the Court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). In ruling on a Rule 60(b) motion, the undersigned notes that "[r]econsideration of a judgment after its entry is an extraordinary remedy that

should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Reese suggests that, as a pro se plaintiff, her inability to articulate her claims amounts to "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) justifying withdrawal of the judgment. (*See* Dkt. No. 46 at 1-2.) That argument is soundly rejected by courts. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Reese's argument that her inability to properly plead claims supports Rule 60 relief have not found favor in other courts. *See, e.g.*, *Fields v. McCarter*, No. 6:26-CV-00081, 2026 WL 1417792, at *1 (E.D. Tex. May 20, 2026) ("[P]laintiff cannot claim his pro se status and lack of familiarity with federal pleading requirements constitute mistake, inadvertence, surprise, or excusable neglect."); *Sanders v. Dep't of Health & Hum. Servs.*, No. CV 10-172, 2012 WL 12932025, at *2 (E.D. La. Feb. 7, 2012) (denying Rule 60(b)(1) motion where plaintiff argued "her *pro se* status made her unable to clearly plead her case" (internal quotation marks omitted)); *see also Jenkins v. LaSalle Sw. Corr.*, No. 20-10533, 2025 WL 66734, at *3 (5th Cir. Jan. 10, 2025) (unpublished) (holding district court did not abuse its discretion by rejecting Rule 60(b)(1) relief where pro se party asserted inability to plead claim was attributable to pro se status).

Reese's assertion of excusable neglect is even more untenable because the record belies her current assertion that she would have stated a claim of disability discrimination had she better understood the legal nomenclature. The magistrate

judge's questionnaire propounded several months ago asked her to identify the protected characteristic that she claimed was the reason for the alleged employment discrimination, and it specifically identified "disability" as one of those characteristics. (Dkt. No. 7 at 5.) She expressly disclaimed any claim for disability discrimination, saying instead her claims were based on "fat shaming" and "[t]oxic environment." (*Id.*)

Reese has not shown any mistake, inadvertence, surprise, or excusable neglect that warrants the extraordinary relief from the judgment permitted by Rule 60(b).

## III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Reopen Case and Request Relief from Judgment (Dkt. No. 45) and Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Motion to Reopen Case (Dkt. No. 46) be **DENIED**.

**SO RECOMMENDED** on October 13, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).